**Fill in this information to identify the case:**

United States Bankruptcy Court for the Southern District of Texas

Case number (*if known*): ________________ Chapter 11

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

06/22

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

**1. Debtor's name**

Air Methods Corporation

**2. All other names debtor used in the last 8 years**

Include any assumed names, trade names, and *doing business as* names

United Rotorcraft
Cypheron Healthcare
Complete Billing Solutions
Direct Call
Direct Patient Logistics
Landing Pad Deli
Spright

**3. Debtor's federal Employer Identification Number** (EIN)

84-0915893

**4. Debtor's address**

**Principal place of business**

5500 South Quebec Street
Number Street

Suite 300

Greenwood Village Colorado 80111
City State ZIP Code

Arapahoe
County

**Mailing address, if different from principal place of business**

Number Street

P.O. Box

City State ZIP Code

**Location of principal assets, if different from principal place of business**

Number Street

City State ZIP Code

**5. Debtor's website** (URL)

https://www.airmethods.com

**6. Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
☐ Partnership (excluding LLP)
☐ Other. Specify: ________________

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
☒ None of the above

B. *Check all that apply:*

☐ Tax- exempt entity (as described in 26 U.S.C. § 501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.
6219 - Other Ambulatory Health Care Services

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first subbox. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7
☐ Chapter 9
☒ Chapter 11. *Check all that apply*:

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11**. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☒ A plan is being filed with this petition.

☒ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No

☐ Yes District __________ When __________ Case number __________
MM/ DD/ YYYY

District __________ When __________ Case number __________
MM / DD/ YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☒ Yes Debtor See Schedule 1 Relationship See Schedule 1

District Southern District of Texas When October 24, 2023
MM / DD/ YYYY

Case number, if known

**11. Why is the case filed in this district?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard?

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other

**Where is the property?**

Number Street

City State ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency

Contact Name

Phone

## Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

**(on a consolidated basis with all affiliated debtors)**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☒ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

**15. Estimated assets**
**(on a consolidated basis with all affiliated debtors)**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☒ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

**16. Estimated liabilities**
**(on a consolidated basis with all affiliated debtors)**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☒ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING** – Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

- The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.
- I have been authorized to file this petition on behalf of the debtor.
- I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 24, 2023
MM / DD/ YYYY

✘ */s/ Christopher J. Brady*
Signature of authorized representative of debtor

Christopher J. Brady
Printed name

Authorized Signatory
Title

**18. Signature of attorney**

✘ */s/ Gabriel A. Morgan*
Signature of attorney for debtor

Date October 24, 2023
MM / DD / YYYY

| | |
|---|---|
| Gabriel A. Morgan | Ray C. Schrock |
| Printed Name | |
| Weil, Gotshal & Manges LLP | Weil, Gotshal & Manges LLP |
| Firm Name | |
| 700 Louisiana Street, Suite 1700 | 767 Fifth Avenue |
| Address | |
| Houston, Texas 77002 | New York, New York 10153 |
| City/State/Zip | |
| (713) 546-5000 | (212) 310-8000 |
| Contact Phone | |
| gabriel.morgan@weil.com | ray.schrock@weil.com |
| Email Address | |

24125891 Texas
Bar Number State

**Schedule 1**

Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the affiliated entities listed below (including the debtor in this chapter 11 case, collectively, the "**Debtors**") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of Texas (Houston Division) (the "**Court**"). A motion will be filed with the Court requesting that the chapter 11 cases of each Entity listed below be consolidated for procedural purposes only and jointly administered, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure, under the case number assigned to the chapter 11 case of Air Methods Corporation.

| COMPANY |
| --- |
| United Rotorcraft Solutions, LLC |
| Air Methods Corporation |
| ASP AMC Holdings, Inc. |
| ASP AMC Intermediate Holdings, Inc. |
| Air Methods Telemedicine, LLC |
| Mercy Air Service, Inc. |
| LifeNet, Inc. |
| Rocky Mountain Holdings, L.L.C. |
| Air Methods Tours, Inc. |
| Tri-State Care Flight, L.L.C. |
| Advantage LLC |
| Enchantment Aviation, Inc. |
| Native Air Services, Inc. |
| Native American Air Ambulance, Inc. |
| AirMD, LLC |
| Midwest Corporate Air Care, LLC |

**OMNIBUS ACTION BY**
**WRITTEN CONSENT**
**OF THE**
**GOVERNING BODIES OF**
**THE ENTITIES**

**October 24, 2023**

**WHEREAS**, the undersigned, being all of the members of the board of directors, all of the members of the board of managers, the managing member or the sole member, as the case may be (in each case, the "**Governing Body**" and collectively, the "**Governing Bodies**"), of each of the entities specified on the signature pages hereto (each, an "**Entity**" and collectively, the "**Entities**") do hereby consent to, adopt, and approve by unanimous written consent the following resolutions in accordance with applicable law and the relevant provisions of the respective governing documents of the applicable Entity, and direct that this written consent be filed with the minutes of the proceedings of the relevant Governing Body;

**WHEREAS**, each Entity is a direct or indirect wholly-owned subsidiary of ASP AMC Holdings, Inc. ("**Holdings**" and, together with the Entities, the "**Company**");

**WHEREAS**, the Company, with the assistance of legal and financial advisors, has been conducting a review of strategic alternatives;

**WHEREAS**, the Board of Directors (the "**Board**") of Air Methods Corporation ("**AMC**") previously delegated to a committee of three (3) independent members of the Board (the "**Special Committee**"), certain rights, authority, and power to, among other things, consider, review, evaluate, investigate, pursue, negotiate, and approve entry into and consummation of any strategic alternative for the Company, including (i) any definitive agreements in connection therewith and/or overseeing the management of the Company in connection therewith, (ii) the implementation of any such strategic alternative, including through the commencement of a voluntary case pursuant to chapter 11 of title 11 of the United States Code, if deemed necessary and appropriate by the Special Committee, and (iii) any such other actions that the Special Committee deems necessary or desirable to carry out its mandate;

**WHEREAS**, each Governing Body has reviewed and has had the opportunity to review and analyze the liabilities and liquidity of such Entity and their respective subsidiaries, the strategic alternatives available to such Entity, and the impact of the foregoing on such Entity's business;

**WHEREAS**, each Governing Body has had the opportunity to consult with the management and the legal and financial advisors of the applicable Entity to fully consider, and have considered, the strategic alternatives available to such Entity; and

**WHEREAS**, each Governing Body believes that taking the actions set forth below are in the best interests of the applicable Entity and, therefore, desires to adopt, authorize, and approve the following resolutions.

**NOW, THEREFORE, BE IT,**

**I. Commencement of Chapter 11 Cases**

**RESOLVED**, each Governing Body has determined, after due consultation with the management and the legal and financial advisors of the applicable Entity, that it is desirable and in the best interests of such Entity, its creditors, and other parties in interest to commence voluntary proceedings (a "**Chapter 11 Case**") under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "**Bankruptcy Code**") in the Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**"); and be it further

**RESOLVED**, that JaeLynn Williams, as Chief Executive Officer of AMC, Christopher J. Brady, as Senior Vice President, General Counsel, and Secretary of AMC, and Jason Kahn, as Interim Chief Financial Officer of AMC (each such person, an "**Authorized Person**"), in each case, acting singly or jointly, be, and each hereby is authorized, empowered, and directed, with full power of delegation, to negotiate, execute, deliver, and file with the Bankruptcy Court, in the name and on behalf of the Company, and under its corporate seal or otherwise, all plans, petitions, schedules, statements, motions, lists, applications, pleadings, papers, affidavits, declarations, orders, notices and other documents (collectively, the "**Chapter 11 Filings**") (with such changes therein and additions thereto as any such Authorized Person may deem necessary, appropriate, or advisable, the execution and delivery of any of the Chapter 11 Filings by any such Authorized Person with any changes thereto to be conclusive evidence that any such Authorized Person deemed such changes to meet such standard); and be it further

**RESOLVED**, that any Authorized Person, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of the Company, to take and perform any and all further acts and deeds that such Authorized Person deems necessary, appropriate, or desirable in connection with each Entity's Chapter 11 Case or the Chapter 11 Filings, including, without limitation, (i) the payment of fees, expenses, and taxes such Authorized Person deems necessary, appropriate, or desirable, and (ii) negotiating, executing, delivering, performing, and filing any and all additional documents, schedules, statements, lists, papers, agreements, certificates, and/or instruments (or any amendments or modifications thereto) in connection with, or in furtherance of, the Chapter 11 Cases with a view to the successful prosecution of the Chapter 11 Cases (such acts to be conclusive evidence that such Authorized Person deemed the same to meet such standard); and be it further

**II. Restructuring Support Agreement, Plan, and Disclosure Statement**

**RESOLVED**, that in connection with each Entity's Chapter 11 Case, the Governing Body of such Entity has determined that it is in the best interests of such Entity to enter into a Restructuring Support Agreement (the "**Restructuring Support Agreement**") on the terms and conditions substantially similar to those set forth in the form of Restructuring Support Agreement previously provided to such Governing Body; and be it further

**RESOLVED**, that in connection with each Entity's Chapter 11 Case, it is in the best interests of each Entity to file with the Bankruptcy Court a prepackaged plan of reorganization (the "**Prepackaged Plan**") and the corresponding disclosure statement (the "**Disclosure**

**Statement**"), in each case, on terms and conditions substantially similar to those set forth in the form of the Prepackaged Plan and the Disclosure Statement previously provided to such Governing Body; and be it further

**RESOLVED**, that the form, terms, and provisions of the Restructuring Support Agreement, and all the exhibits annexed thereto and the execution, delivery, and performance thereof and the consummation of the transactions contemplated thereunder by such Entity are hereby authorized, approved, and declared advisable and in the best interests of such Entity, with such changes therein and additions thereto as any Authorized Person who may act without the joinder of any other Authorized Person, executing the same may in such Authorized Person's discretion deem necessary or appropriate, it being acknowledged that the execution of the Restructuring Support Agreement and such other documents, agreements, instruments, and certificates as may be required or contemplated by the Restructuring Support Agreement, as applicable, shall be conclusive evidence of the approval thereof; and be it further

**RESOLVED**, that the form, terms, and provisions of the Prepackaged Plan and Disclosure Statement and all the exhibits annexed thereto and the execution, delivery, and performance thereof and the consummation of the transactions contemplated thereunder by the applicable Entity are hereby authorized, approved, and declared advisable and in the best interests of such Entity, with such changes therein and additions thereto as any Authorized Person of such Entity, who may act without the joinder of any other Authorized Person, executing the same may in such Authorized Person's discretion deem necessary or appropriate, it being acknowledged that the execution of the Prepackaged Plan and Disclosure Statement and such other documents, agreements, instruments, and certificates as may be required or contemplated by the Prepackaged Plan and Disclosure Statement, shall be conclusive evidence of the approval thereof; and be it further

**RESOLVED**, that any Authorized Person, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, in the name of and on behalf of the Company, to cause the Company to enter into, execute, deliver, certify, file, and/or record, and perform the obligations arising under the Restructuring Support Agreement, the Prepackaged Plan, and the Disclosure Statement, substantially in the forms previously presented to the Board, together with such other documents, agreements, instruments, and certificates as may be required by the Restructuring Support Agreement; and be it further

**RESOLVED**, that any Authorized Person, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of the Company, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of the Restructuring Support Agreement, Prepackaged Plan, and Disclosure Statement and/or any of the related documents which shall, in such Authorized Person's sole judgment, be necessary, proper, or advisable; and be it further

## III. Debtor-in-Possession Financing

**RESOLVED**, that in connection with the Chapter 11 Cases, it is in the best interests of (i) in the case of AMC, a Delaware corporation and a debtor and debtor-in-possession under

chapter 11 of the Bankruptcy Code (the "**Borrower**"), to enter into and obtain loans, (ii) in the case of the DIP Guarantors (as defined below), to guarantee the Borrower's obligations under the DIP Credit Agreement (as defined below), and (iii) in the case of the Borrower and the DIP Guarantors (collectively, the "**DIP Loan Parties**"), to consummate the transactions under that certain Superpriority Senior Secured Debtor-in-Possession Term Loan Credit Agreement (as may be amended, restated, amended and restated, supplemented, or otherwise modified from time to time, the "**DIP Credit Agreement**"),[1] consisting of a superpriority, senior-secured, priming debtor-in-possession term-loan facility in the aggregate principal amount of up to $155,000,000 (the "**DIP Financing**"), by and among the Borrower, ASP AMC Holdings, a Delaware corporation and a debtor and debtor-in-possession under chapter 11 of the Bankruptcy Code ("**Holdings**"), the Subsidiaries (as defined therein) of Holdings that are Guarantors from time to time party thereto (the "**DIP Guarantors**"), the institutions and entities from time to time party thereto as "Lenders" (the "**DIP Lenders**"), and Wilmington Savings Fund Society, FSB, as administrative agent and collateral agent (in such capacity, together with its successors and permitted assigns, the "**DIP Agent**" and collectively with the DIP Lenders, the "**DIP Secured Parties**"), subject to approval by the Bankruptcy Court, which financing is necessary and appropriate to the conduct of the business of the Company during the Chapter 11 Cases; and be it further

**RESOLVED**, that the terms and provisions of and the execution and delivery of the DIP Credit Agreement and the Additional DIP Documents (as defined below) (collectively, the "**DIP Documents**") by each Entity that is party thereto and the consummation by such Entity of the transactions contemplated thereunder, including (i) in the case of the Borrower, the borrowing of funds under the DIP Credit Agreement, (ii) in the case of the DIP Guarantors, the guaranty of the obligations thereunder as provided in the DIP Documents, (iii) the grant of a security interest in and liens upon, mortgage, collateral assignment, hypothecation or pledge of substantially all of such Entity's assets, whether now owned or hereafter acquired, in favor of the DIP Secured Parties securing the obligations under the DIP Credit Agreement, (iv) the filing by the DIP Agent of UCC financing statements and other filings or recording documents or instruments with respect to the Collateral (as defined in the Security Agreement) that may be required, necessary, appropriate, desirable, or advisable to perfect the security granted pursuant to the Security Agreement and (v) the terms and provisions of and the execution, delivery and performance of all other agreements, DIP Documents, and/or all other related documents constituting exhibits to the DIP Credit Agreement or that may be required, necessary, convenient, appropriate, desirable or advisable to be executed or delivered pursuant to the DIP Credit Agreement or otherwise related thereto, including, without limitation, (a) the Security Agreement, (b) any other Security Document, (c) the BH Intercreditor Agreement, (d) any other Credit Document and (e) all certificates, notices, and other documents and agreements constituting exhibits to or required by the DIP Documents (each an "**Additional DIP Document**" and collectively, the "**Additional DIP Documents**"), the making of the representations and warranties in the DIP Credit Agreement and the Additional DIP Documents and compliance with the covenants under the DIP Credit Agreement and the Additional DIP Documents and the assumption of any obligations under and in respect of any of the foregoing, are hereby authorized and approved in all respects, and that any officer of such Entity (each, a "**DIP Authorized Person**"), who may

---

[1]    Capitalized terms used in this section with respect to the DIP Financing and not otherwise defined herein shall have the meanings ascribed to such terms in the DIP Credit Agreement.

act without the joinder of any other DIP Authorized Person, is hereby severally authorized, empowered, and directed, in the name and on behalf of such Entity, to negotiate, approve, review, execute and deliver (1) the DIP Credit Agreement and (2) each Additional DIP Document to which such Entity is a party, including with respect to any changes or additions thereto as any such DIP Authorized Person, in his or her sole discretion, may deem necessary, convenient, appropriate, advisable, or desirable, with the execution and delivery of the DIP Credit Agreement and such Additional DIP Documents with any changes or additions thereto by the relevant DIP Authorized Person to be conclusive evidence that such DIP Authorized Person deemed such changes or additions to meet such standard; and be it further

   **RESOLVED**, that the form, terms and provisions of each of (i) the DIP Credit Agreement, including the use of proceeds to provide liquidity for the Company throughout the Chapter 11 Cases, substantially in the form presented to the Governing Body and (ii) any and all of the Additional DIP Documents, agreements, including, without limitation, any guarantee and security agreement, letters, notices, certificates, documents and instruments authorized, executed, delivered, reaffirmed, verified, and/or filed in connection with the DIP Financing and the performance of obligations thereunder, including the borrowings and guarantees contemplated thereunder, are hereby, in all respects confirmed, ratified and approved; and be it further

   **RESOLVED**, that the signature of any DIP Authorized Person of any Entity to (i) the DIP Credit Agreement and (ii) any Additional DIP Document to which such Entity is a party shall be conclusive evidence of the authority of such DIP Authorized Person to execute and deliver the DIP Credit Agreement and/or such Additional DIP Documents to which such Entity is a party; and be it further

   **RESOLVED**, that each DIP Authorized Person of each Entity, who may act without the joinder of any other DIP Authorized Person, is hereby severally authorized, in the name of and on behalf of such Entity, to take all actions (including, without limitation, (i) the negotiation, execution, delivery and filing of any agreement, certificate, instrument, or document (including any mortgage, financing statement, and/or similar document), (ii) the modification, amendment or waiver of, or consent to, any of the terms and conditions of the DIP Credit Agreement and/or any Additional DIP Document to which such Entity is a party, (iii) the payment of any consideration and (iv) the payment of indemnitees, fees, costs, expenses, taxes, and other amounts incurred by such Entity as any such DIP Authorized Person, in his or her sole discretion, may deem necessary, convenient, appropriate, desirable, or advisable (such acts to be conclusive evidence that such DIP Authorized Person deemed the same to meet such standard)) in order to effect the transactions contemplated under the DIP Credit Agreement and any Additional DIP Document to which such Entity is a party, and all acts of any such DIP Authorized Person taken pursuant to the authority granted herein, or having occurred prior to the date hereof in order to effect such transactions, are hereby approved, adopted, ratified, and confirmed in all respects; and be it further

   **RESOLVED**, that each DIP Authorized Person of each Entity, who may act without the joinder of any other DIP Authorized Person, be, and hereby is, severally authorized, in the name and on behalf of such Entity, to prepare any amendment, waiver, and/or consent under the DIP Credit Agreement and/or any Additional DIP Document to which such Entity is a party as may be necessary, convenient, appropriate, desirable, or advisable at any time or from time to time,

which amendment, waiver and/or consent may provide for modification or relief under the DIP Credit Agreement and/or any Additional DIP Document to which such Entity is a party and may require consent payments, fees, or other amounts payable in connection therewith, and that each DIP Authorized Person of each Entity be, and hereby is, authorized, in the name and on behalf of such Entity, to execute and deliver such amendments, waivers or consents under the DIP Credit Agreement and/or any Additional DIP Document to which such Entity is a party as such DIP Authorized Person shall deem to be necessary, convenient, appropriate, desirable, or advisable, such execution and delivery by such DIP Authorized Person to constitute conclusive evidence of his or her determination and approval of the necessity, convenience, appropriateness, desirability or advisability thereof; and be it further

**RESOLVED**, that any person dealing with any DIP Authorized Person of any Entity in connection with any of the foregoing matters shall be conclusively entitled to rely upon the authority of such officer and by his or her execution of any document or agreement, the same shall be valid and binding obligations of such Entity enforceable in accordance with their terms; and be it further

**RESOLVED**, that the Governing Body of each Entity hereby authorizes any current and/or future subsidiary of such Entity, to the extent applicable, to execute any agreement and/or document as may be contemplated by the DIP Credit Agreement and/or any Additional DIP Document to which such Entity is a party, and be it further

**IV. Retention of Advisors**

**RESOLVED**, that, in connection with the Chapter 11 Cases, any Authorized Person, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of the Company, to employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers, and other professionals, on behalf of the Company, that such Authorized Person deems necessary, appropriate, or advisable in connection with, or in furtherance of, the Chapter 11 Cases, with a view to the successful prosecution of the Chapter 11 Cases (such acts to be conclusive evidence that such Authorized Person deemed the same to meet such standard); and be it further

**RESOLVED**, that the law firm of Weil, Gotshal & Manges LLP, located at 767 Fifth Avenue, New York, New York 10153 and 700 Louisiana Street, Suite 1700, Houston, Texas 77002, is hereby retained as attorneys for each Entity in the Chapter 11 Cases, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that the firm of Lazard Frères & Co. LLC, located at 30 Rockefeller Plaza, New York, NY, 10112, is hereby retained as investment banker for each Entity in the Chapter 11 Cases, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that the firm of Alvarez & Marsal, located at 600 Madison Ave, New York, New York 10022, is hereby retained as financial advisor for each Entity in the Chapter 11 Cases, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that the firm of Epiq Corporate Restructuring, LLC located at 777 Third Avenue, New York, New York 10017, is hereby retained as claims, noticing and solicitation

agent, and administrative advisor for each Entity in the Chapter 11 Cases, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that any Authorized Person, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of the Company, to take and perform any and all further acts and deeds, including, without limitation, (i) the payment of any consideration, (ii) the payment of fees, expenses, and taxes such Authorized Person deems necessary, appropriate, or desirable, and (iii) negotiating, executing, delivering, performing, and filing any and all documents, motions, pleadings, applications, declarations, affidavits, schedules, statements, lists, papers, agreements, certificates and/or instruments (or any amendments or modifications thereto) in connection with the engagement of professionals contemplated by the foregoing resolutions (such acts to be conclusive evidence that such Authorized Person deemed the same to meet such standard); and be it further

## V. "First Day" Declarant

**RESOLVED**, that in light of the familiarity and experience of Jason Kahn ("**Mr. Kahn**") with the Company, its day-to-day operations, business, and financial affairs, books and records, the circumstances leading to the commencement of the Chapter 11 Cases, and the Company's negotiations with its key stakeholders to date, each Governing Body has determined it is appropriate and in the best interest of the Company to authorize Mr. Kahn to serve as a declarant and provide testimony on behalf of each Entity with respect to the Entities' need for the relief requested in the "first day" pleadings (the "**First Day Relief**") to be filed in connection with commencement of the Chapter 11 Cases; and be it further

**RESOLVED,** that Mr. Kahn is hereby authorized and empowered, on behalf of each Entity, to provide testimony, including by declaration, on behalf of each Entity regarding the Company, its day-to-day operations, business, and financial affairs, books and records, circumstances leading to the commencement of the Chapter 11 Cases, and further authorizes and empowers Mr. Kahn to act as signatory on the Restructuring Support Agreement, Prepackaged Plan, Disclosure Statement, Purchase Commitment and Backstop Agreement, and DIP Credit Agreement, and to engage in negotiations with the Company's key stakeholders and to make the Company's determination regarding the need for First Day Relief; and be it further

## VI. General Authorization and Ratification

**RESOLVED**, that any Authorized Person, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of the Company, to take and perform any and all further acts or deeds, including, but not limited to, (i) the negotiation of such additional agreements, amendments, modifications, supplements, reports, documents, instruments, applications, notes, or certificates that may be required, (ii) the execution, delivery, performance under and filing (if applicable) of any of the foregoing, and (iii) the payment of all fees, consent payments, taxes, and other expenses as any such Authorized Person, in their sole discretion, may approve or deem necessary, appropriate, or desirable in order to carry out the intent and accomplish the purposes of the foregoing resolutions and the transactions contemplated thereby, all of such actions, executions,

deliveries, filings, and payments to be conclusive evidence of such approval or that such Authorized Person deemed the same to meet such standard; and be it further

**RESOLVED**, that any and all past actions heretofore taken by any Authorized Person in the name and on behalf of the Company in furtherance of any or all of the preceding resolutions be, and the same hereby are, ratified, confirmed, and approved in all respects as the acts and deeds of such Entity; and be it further

**RESOLVED**, that the Secretary of each Entity is authorized to place a copy of this consent in the official records of each Entity to document the actions set forth herein as actions taken by the applicable Governing Body of such Entity; and be it further

**RESOLVED**, that this written consent may be executed in multiple counterparts (including by facsimile, electronic transmission (including ".pdf" or ".tiff") or otherwise), each of which shall be considered an original and all of which shall constitute one and the same instrument.

*[Signature Pages to Follow]*

DocuSign Envelope ID: F7FB82FC-DB0E-4A81-BA56-00BB82A81217

IN WITNESS WHEREOF, the undersigned being the Governing Body of each Entity hereafter listed, has executed this Written Consent as of the date first set forth above.

**ASP AMC HOLDINGS, INC.**

By: DocuSigned by: Benjamin Dickson
89C4B25A1A9D4E8...
Name: Benjamin Dickson
Title: Director

By: ______________________
Name: Deborah Alderson
Title: Director

By: ______________________
Name: Bill Fry
Title: Director

By: ______________________
Name: Stephen Gorman
Title: Director

By: ______________________
Name: Tushar Khadloya
Title: Director

By: ______________________
Name: Gregory Roth
Title: Director

By: ______________________
Name: JaeLynn Williams
Title: Director

DocuSign Envelope ID: F173CF8C-36BE-42E4-875B-3E563F22178F

IN WITNESS WHEREOF, the undersigned being the Governing Body of each Entity hereafter listed, has executed this Written Consent as of the date first set forth above.

**ASP AMC HOLDINGS, INC.**

By: ________________________
Name: Benjamin Dickson
Title: Director

DocuSigned by:
By: AD2CA680F5694AB
Name: Deborah Alderson
Title: Director

By: ________________________
Name: Bill Fry
Title: Director

By: ________________________
Name: Stephen Gorman
Title: Director

By: ________________________
Name: Tushar Khadloya
Title: Director

By: ________________________
Name: Gregory Roth
Title: Director

By: ________________________
Name: JaeLynn Williams
Title: Director

IN WITNESS WHEREOF, the undersigned being the Governing Body of each Entity hereafter listed, has executed this Written Consent as of the date first set forth above.

**ASP AMC HOLDINGS, INC.**

By: ______________________
Name: Benjamin Dickson
Title: Director

By: ______________________
Name: Deborah Alderson
Title: Director

DocuSigned by:
By: ______________________
6126B66FC69B456...
Name: Bill Fry
Title: Director

By: ______________________
Name: Stephen Gorman
Title: Director

By: ______________________
Name: Tushar Khadloya
Title: Director

By: ______________________
Name: Gregory Roth
Title: Director

By: ______________________
Name: JaeLynn Williams
Title: Director

DocuSign Envelope ID: 4B3C200A-F8C7-4CD2-8DF1-FEDA2792CBE0

IN WITNESS WHEREOF, the undersigned being the Governing Body of each Entity hereafter listed, has executed this Written Consent as of the date first set forth above.

**ASP AMC HOLDINGS, INC.**

By: ______________________
Name: Benjamin Dickson
Title: Director

By: ______________________
Name: Deborah Alderson
Title: Director

By: ______________________
Name: Bill Fry
Title: Director

DocuSigned by:
By: Stephen Gorman
95AB32406B96402...
Name: Stephen Gorman
Title: Director

By: ______________________
Name: Tushar Khadloya
Title: Director

By: ______________________
Name: Gregory Roth
Title: Director

By: ______________________
Name: JaeLynn Williams
Title: Director

DocuSign Envelope ID: A1B237B0-0D00-4AA3-A7A2-B92B8B030C48

IN WITNESS WHEREOF, the undersigned being the Governing Body of each Entity hereafter listed, has executed this Written Consent as of the date first set forth above.

**ASP AMC HOLDINGS, INC.**

By: ____________________
Name: Benjamin Dickson
Title: Director

By: ____________________
Name: Deborah Alderson
Title: Director

By: ____________________
Name: Bill Fry
Title: Director

By: ____________________
Name: Stephen Gorman
Title: Director

DocuSigned by:
By: ____________________
2FE68BDFAC67482...
Name: Tushar Khadloya
Title: Director

By: ____________________
Name: Gregory Roth
Title: Director

By: ____________________
Name: JaeLynn Williams
Title: Director

DocuSign Envelope ID: C953A60A-1398-4485-8C18-0C25762286B0

IN WITNESS WHEREOF, the undersigned being the Governing Body of each Entity hereafter listed, has executed this Written Consent as of the date first set forth above.

**ASP AMC HOLDINGS, INC.**

By: ______________________
Name: Benjamin Dickson
Title: Director

By: ______________________
Name: Deborah Alderson
Title: Director

By: ______________________
Name: Bill Fry
Title: Director

By: ______________________
Name: Stephen Gorman
Title: Director

By: ______________________
Name: Tushar Khadloya
Title: Director

DocuSigned by:
By: Gregory Roth
D5C1A9BCF3B34C9...
Name: Gregory Roth
Title: Director

By: ______________________
Name: JaeLynn Williams
Title: Director

IN WITNESS WHEREOF, the undersigned being the Governing Body of each Entity hereafter listed, has executed this Written Consent as of the date first set forth above.

**ASP AMC HOLDINGS, INC.**

By: ______________________
Name: Benjamin Dickson
Title: Director

By: ______________________
Name: Deborah Alderson
Title: Director

By: ______________________
Name: Bill Fry
Title: Director

By: ______________________
Name: Stephen Gorman
Title: Director

By: ______________________
Name: Tushar Khadloya
Title: Director

By: ______________________
Name: Gregory Roth
Title: Director

By: DocuSigned by: JacLynn Williams
9C8750DBAFC6447
Name: JacLynn Williams
Title: Director

DocuSign Envelope ID: F7FB82FC-DB0E-4A81-BA56-00BB82A81217

**ASP AMC INTERMEDIATE HOLDINGS, INC.**

By: DocuSigned by: Benjamin Dickson
89C4B25A1A9D4E8...
Name: Benjamin Dickson
Title: Director

By: ____________________
Name: Bill Fry
Title: Director

By: ____________________
Name: Tushar Khadloya
Title: Director

By: ____________________
Name: JaeLynn Williams
Title: Director

[SIGNATURE PAGE TO OMNIBUS CONSENT]

DocuSign Envelope ID: E6C27733-FB0D-414D-A344-F0D5E52F491B

**ASP AMC INTERMEDIATE HOLDINGS, INC.**

By: ________________________
Name: Benjamin Dickson
Title: Director

DocuSigned by:
By: 6128B68FC60B455...
Name: Bill Fry
Title: Director

By: ________________________
Name: Tushar Khadloya
Title: Director

By: ________________________
Name: JaeLynn Williams
Title: Director

[SIGNATURE PAGE TO OMNIBUS CONSENT]

DocuSign Envelope ID: A1B237B0-0D00-4AA3-A7A2-B92B8B030C48

**ASP AMC INTERMEDIATE HOLDINGS, INC.**

By: _________________________
Name: Benjamin Dickson
Title: Director

By: _________________________
Name: Bill Fry
Title: Director

DocuSigned by:
By: _________________________
2FE88BDFAC87482...
Name: Tushar Khadloya
Title: Director

By: _________________________
Name: JaeLynn Williams
Title: Director

[SIGNATURE PAGE TO OMNIBUS CONSENT]

DocuSign Envelope ID: 71030226-0CC0-43C6-9BAE-78FA094C8B77

**ASP AMC INTERMEDIATE HOLDINGS, INC.**

By: ________________________
Name: Benjamin Dickson
Title: Director

By: ________________________
Name: Bill Fry
Title: Director

By: ________________________
Name: Tushar Khadloya
Title: Director

By: DocuSigned by: JacLynn Williams
Name: JacLynn Williams
Title: Director

DocuSign Envelope ID: F7FB82FC-DB0E-4A81-BA56-00BB82A81217

**AIR METHODS CORPORATION**

DocuSigned by:

By: Benjamin Dickson
89C4B25A1A9D4E8...
Name: Benjamin Dickson
Title: Director

By: ________________________
Name: Bill Fry
Title: Director

By: ________________________
Name: Tushar Khadloya
Title: Director

By: ________________________
Name: JaeLynn Williams
Title: Director

DocuSign Envelope ID: E6C27733-FB0D-414D-A344-F0D5E52F491B

**AIR METHODS CORPORATION**

By: ______________________
Name: Benjamin Dickson
Title: Director

DocuSigned by:
By: ______________________
6128B68FC60B455...
Name: Bill Fry
Title: Director

By: ______________________
Name: Tushar Khadloya
Title: Director

By: ______________________
Name: JaeLynn Williams
Title: Director

[SIGNATURE PAGE TO OMNIBUS CONSENT]

DocuSign Envelope ID: A1B237B0-0D00-4AA3-A7A2-B92B8B030C48

**AIR METHODS CORPORATION**

By: ________________________
Name: Benjamin Dickson
Title: Director

By: ________________________
Name: Bill Fry
Title: Director

DocuSigned by:
By: ________________________
2FE08BBFAC07462...
Name: Tushar Khadloya
Title: Director

By: ________________________
Name: JaeLynn Williams
Title: Director

[SIGNATURE PAGE TO OMNIBUS CONSENT]

DocuSign Envelope ID: 71030226-0CC0-43C6-9BAE-78FA094C8B77

**AIR METHODS CORPORATION**

By: ______________________
Name: Benjamin Dickson
Title: Director

By: ______________________
Name: Bill Fry
Title: Director

By: ______________________
Name: Tushar Khadloya
Title: Director

By: DocuSigned by: JaeLynn Williams
Name: JaeLynn Williams
Title: Director

[SIGNATURE PAGE TO OMNIBUS CONSENT]

DocuSign Envelope ID: 15A075C2-634B-4EA2-86B4-1C236AA2B421

**AIR METHODS CORPORATION**
as the sole member or managing member, as applicable, of (i) Air Methods Telemedicine, LLC, (ii) United Rotorcraft Solutions, LLC, (iii) Rocky Mountain Holdings, L.L.C., and (iv) Tri-State Care Flight, L.L.C., (v) AirMD, LLC

By: DocuSigned by: Christopher Brady
Name: Christopher J. Brady
Title: Senior Vice President, General Counsel, and Secretary

DocuSign Envelope ID: 15A075C2-634B-4EA2-86B4-1C236AA2B421

**MERCY AIR SERVICE, INC.**

By: DocuSigned by: Christopher Brady

Name: Christopher J. Brady
Title: Director

By: ______________________

Name: JaeLynn Williams
Title: Director

[SIGNATURE PAGE TO OMNIBUS CONSENT]

DocuSign Envelope ID: 71030226-0CC0-43C6-9BAE-78FA094C8B77

**MERCY AIR SERVICE, INC.**

By: __________________________
Name: Christopher J. Brady
Title: Director

By: DocuSigned by: JaeLynn Williams
8C67600DAF5C6447
Name: JaeLynn Williams
Title: Director

[SIGNATURE PAGE TO OMNIBUS CONSENT]

DocuSign Envelope ID: 15A075C2-634B-4EA2-86B4-1C236AA2B421

**LIFENET, INC.**

By: DocuSigned by: Christopher Brady
FCCD5C81D2374F8...
Name: Christopher J. Brady
Title: Director

By: ________________________
Name: JaeLynn Williams
Title: Director

[SIGNATURE PAGE TO OMNIBUS CONSENT]

DocuSign Envelope ID: 71030226-0CC0-43C6-9BAE-78FA094C8B77

**LIFENET, INC.**

By: ____________________
Name: Christopher J. Brady
Title: Director

By: DocuSigned by: JacLynn Williams
Name: JacLynn Williams
Title: Director

[SIGNATURE PAGE TO OMNIBUS CONSENT]

DocuSign Envelope ID: 15A075C2-634B-4EA2-86B4-1C236AA2B421

**AIR METHODS TOURS, INC.**

By: DocuSigned by: Christopher Brady
Name: Christopher J. Brady
Title: Director

By: ______________________
Name: Leo Morrissette
Title: Director

By: ______________________
Name: Jason Kahn
Title: Director

[SIGNATURE PAGE TO OMNIBUS CONSENT]

DocuSign Envelope ID: C99B08F9-1A31-4125-86ED-5B8220209B36

**AIR METHODS TOURS, INC.**

By: ______________________
Name: Christopher J. Brady
Title: Director

DocuSigned by:
Leo Morrissette
0E458108616A48D...
By: ______________________
Name: Leo Morrissette
Title: Director

By: ______________________
Name: Jason Kahn
Title: Director

[SIGNATURE PAGE TO OMNIBUS CONSENT]

DocuSign Envelope ID: 0704A7D3-E0DD-4CD9-90DD-D6F733006A71

**AIR METHODS TOURS, INC.**

By: ______________________
Name: Christopher J. Brady
Title: Director

By: ______________________
Name: Leo Morrissette
Title: Director

By: DocuSigned by: Jason Kahn
Name: Jason Kahn
Title: Director

[SIGNATURE PAGE TO OMNIBUS CONSENT]

DocuSign Envelope ID: 15A075C2-634B-4EA2-86B4-1C236AA2B421

**ADVANTAGE, LLC**

By: DocuSigned by: Christopher Brady
FCCD5061D33745B...
Name: Christopher J. Brady
Title: Manager

By: ______________________
Name: Leo Morrissette
Title: Manager

[SIGNATURE PAGE TO OMNIBUS CONSENT]

DocuSign Envelope ID: C99B08F9-1A31-4125-86ED-5B8220209B36

**ADVANTAGE, LLC**

By: ______________________
Name: Christopher J. Brady
Title: Manager

DocuSigned by:
Leo Morrissette
0E458108616A48D...
By: ______________________
Name: Leo Morrissette
Title: Manager

DocuSign Envelope ID: 15A075C2-634B-4EA2-86B4-1C236AA2B421

**ENCHANTMENT AVIATION, INC.**

By: DocuSigned by: Christopher Brady
Name: Christopher J. Brady
Title: Director

By: ______________________
Name: JaeLynn Williams
Title: Director

By: ______________________
Name: Leo Morrissette
Title: Director

DocuSign Envelope ID: 71030226-0CC0-43C6-9BAE-78FA094C8B77

**ENCHANTMENT AVIATION, INC.**

By: ______________________
Name: Christopher J. Brady
Title: Director

By: DocuSigned by: JaeLynn Williams
Name: JaeLynn Williams
Title: Director

By: ______________________
Name: Leo Morrissette
Title: Director

[SIGNATURE PAGE TO OMNIBUS CONSENT]

DocuSign Envelope ID: C99B08F9-1A31-4125-86ED-5B8220209B36

**ENCHANTMENT AVIATION, INC.**

By: ________________________
Name: Christopher J. Brady
Title: Director

By: ________________________
Name: JaeLynn Williams
Title: Director

DocuSigned by:
Leo Morrissette
By: 0E458108616A48D...
Name: Leo Morrissette
Title: Director

DocuSign Envelope ID: 15A075C2-634B-4EA2-86B4-1C236AA2B421

**NATIVE AIR SERVICES, INC.**

By: DocuSigned by: Christopher Brady
Name: Christopher J. Brady
Title: Director

By: ________________________
Name: JaeLynn Williams
Title: Director

By: ________________________
Name: Leo Morrissette
Title: Director

[SIGNATURE PAGE TO OMNIBUS CONSENT]

DocuSign Envelope ID: 71030226-0CC0-43C6-9BAE-78FA094C8B77

**NATIVE AIR SERVICES, INC.**

By: ______________________
Name: Christopher J. Brady
Title: Director

By: DocuSigned by: JaeLynn Williams
Name: JaeLynn Williams
Title: Director

By: ______________________
Name: Leo Morrissette
Title: Director

DocuSign Envelope ID: C99B08F9-1A31-4125-86ED-5B8220209B36

**NATIVE AIR SERVICES, INC.**

By: __________________________
Name: Christopher J. Brady
Title: Director

By: __________________________
Name: JaeLynn Williams
Title: Director

DocuSigned by:
Leo Morrissette
By: 9E458198818A48D...
Name: Leo Morrissette
Title: Director

DocuSign Envelope ID: 15A075C2-634B-4EA2-86B4-1C236AA2B421

**NATIVE AMERICAN AIR AMBULANCE, INC.**

By: DocuSigned by: Christopher Brady
FCCD5064D3374FB
Name: Christopher J. Brady
Title: Director

By: ________________________
Name: JaeLynn Williams
Title: Director

By: ________________________
Name: Leo Morrissette
Title: Director

DocuSign Envelope ID: 71030226-0CC0-43C6-9BAE-78FA094C8B77

**NATIVE AMERICAN AIR AMBULANCE, INC.**

By: _________________________
Name: Christopher J. Brady
Title: Director

By: DocuSigned by: JacLynn Williams
Name: JacLynn Williams
Title: Director

By: _________________________
Name: Leo Morrissette
Title: Director

DocuSign Envelope ID: C99B08F9-1A31-4125-86ED-5B8220209B36

**NATIVE AMERICAN AIR AMBULANCE, INC.**

By: __________________________
Name: Christopher J. Brady
Title: Director

By: __________________________
Name: JaeLynn Williams
Title: Director

By: DocuSigned by: Leo Morrissette
9E458108618A48D...
Name: Leo Morrissette
Title: Director

[SIGNATURE PAGE TO OMNIBUS CONSENT]

DocuSign Envelope ID: 15A075C2-634B-4EA2-86B4-1C236AA2B421

**AIRMD, LLC**
as the managing member of Midwest Corporate Air Care, LLC

By: DocuSigned by: Christopher Brady
Name: Christopher J. Brady
Title: Secretary

**Fill in this information to identify the case:**

Debtor name: Air Methods Corporation

United States Bankruptcy Court for the Southern District of Texas
(State)

Case number (*If known*): 23-_____ ( )

☐ Check if this is an amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

**A list of consolidated creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.**

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Wilmington Trust, National Association<br>Attn.: Heather Ford, Sr. Wealth Advisor, Sr. V.P.<br>One M&T Plaza<br>Buffalo, New York 14240 | Attn.: Heather Ford, Sr. Wealth Advisor, Sr. V.P.<br>Phone: (888) 456-9361<br>Email: hford@wilmingtontrust.com | Prepetition Unsecured Notes | | | | $516,666,666.67 |
| 2 | Safran Helicopter Engines USA<br>Attn.: Thierry Derrien, Vice President<br>2709 North Forum Drive<br>Grand Prairie, Texas 75052 | Attn.: Thierry Derrien, Vice President<br>Phone: (972) 606-8108<br>Email: thierry.derrien@safrangroup.com | Trade Payable | | | | $4,648,973.88 |
| 3 | Vanderbilt University Medical Center<br>Attn.: Cecelia Moore, CFO & Treasurer<br>1211 Medical Center Drive<br>Nashville, Tennessee 37232 | Attn.: Cecelia Moore, CFO & Treasurer<br>Phone: (615) 322-5000<br>Email: cecelia.b.moore@vumc.org | Trade Payable | | | | $2,332,098.34 |
| 4 | JeffStat<br>Attn.: Kevin Kleinschmidt, Director<br>111 S 11th Street, Suite 2130<br>Philadelphia, Pennsylvania 19107 | Attn.: Kevin Kleinschmidt, Director<br>Phone: (215) 955-4444<br>Email: kevin.kleinschmidt@jefferson.edu | Trade Payable | | | | $2,273,820.00 |
| 5 | Mercy Medical Center - Financial Operations<br>Attn.: Nancy Hill-Davis, Sr. V.P. & Chief Talent Officer<br>207 Crocker Street<br>Des Moines, Iowa 50309 | Attn.: Nancy Hill-Davis, Sr. V.P. & Chief Talent Officer<br>Phone: (641) 428-7000<br>Email: nldavis@mercycare.org | Trade Payable | | | | $2,101,110.00 |
| 6 | Airbus Helicopters Inc.<br>Attn.: Romain Trapp, President & Head of North America<br>2701 Forum Drive<br>Grand Prairie, Texas 75052 | Attn.: Romain Trapp, President & Head of North America<br>Phone: (972) 641-0000<br>Email: airbussupply@airbus.com | Trade Payable | | | | $1,662,332.64 |
| 7 | Sikorsky Aircraft Corp.<br>Attn.: Paul Lemmo, President<br>6900 Main Street<br>P.O. Box 9729<br>Stratford, Connecticut 06615 | Attn.: Paul Lemmo, President<br>Phone: (301) 240-6000<br>Email: paul.lemmo@lmco.com | Trade Payable | | | | $1,525,042.93 |

Debtor Air Methods Corporation
Name

Case number (if known) 23-_____ ( )

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 8 | University of Iowa<br>Department of Emergency Medicine<br>Attn.: Barbara Wilson, President<br>200 Hawkins Drive, 1008 RCP<br>Iowa City, Iowa 52242 | Attn.: Barbara Wilson, President<br>Phone: (319) 356-2233<br>Email: barbara-wilson@uiowa.edu | Trade Payable | | | | $1,270,555.00 |
| 9 | Standard Aero Ltd.<br>Attn.: Lloyd Barker, Sr. V.P. Quality & Engineering<br>33 Allen Dyne Road<br>Winnipeg, Manitoba 60675<br>Canada | Attn.: Lloyd Barker, Sr. V.P. Quality & Engineering<br>Phone: (204) 775-9711<br>Email: lloyd.barker@standardaero.com | Trade Payable | | | | $1,102,025.31 |
| 10 | Pratt & Whitney Engine Services<br>Attn.: Shane Eddy, President<br>11190 Valley View Street<br>Cypress, California 90630 | Attn.: Shane Eddy, President<br>Phone: (714) 373-0110<br>Email: shane.eddy@utc.com | Trade Payable | | | | $950,713.13 |
| 11 | FlightSafety International<br>Attn.: Spencer Power, Director<br>3100 Easton Square Place, Suite 100<br>Columbus, Ohio 43219 | Attn.: Spencer Power, Director<br>Phone: (201) 559-0211<br>Email: spencer.power@flightsafety.com | Trade Payable | | | | $862,832.75 |
| 12 | Lehigh Valley Health Network<br>Office of Philanthropy<br>Attn.: Brian Nester, President/CEO<br>2100 Mack Boulevard<br>Allentown, Pennsylvania 18105 | Attn.: Brian Nester, President/CEO<br>Phone: (570) 426-2900<br>Email: brian.nester@lvhn.org | Trade Payable | | | | $770,933.48 |
| 13 | Bell Textron Inc.<br>Attn.: Lisa Atherton, COO<br>3255 Bell Helicopter Boulevard<br>Fort Worth, Texas 76118 | Attn.: Lisa Atherton, COO<br>Phone: (817) 280-2011<br>Email: latherto@systems.textron.com | Trade Payable | | | | $760,122.19 |
| 14 | Unity Point Health<br>Attn.: James Arnett, President & CEO<br>4949 West Town Parkway, Suite 255<br>West Des Moines, Iowa 50309 | Attn.: James Arnett, President & CEO<br>Phone: (515) 241-6212<br>Email: james.arnett@unitypoint.org | Trade Payable | | | | $679,443.00 |
| 15 | Gaumard Scientific Co. Inc.<br>Attn.: Steven Black, Controller<br>14700 SW 136th Street<br>Miami, Florida 33196 | Attn.: Steven Black, Controller<br>Phone: (305) 971-3790<br>Email: stevenb@gaumard.com | Trade Payable | | | | $568,417.90 |
| 16 | HealthNet Aeromedical Services<br>Attn.: Stephen Seitz<br>110 Wyoming Street, Suite 101<br>Charleston, West Virginia 25302 | Attn.: Stephen Seitz<br>Phone: (304) 340-8000<br>Email: stephen.seitz@healthnetcct.com | Trade Payable | | | | $553,499.73 |
| 17 | LifeNet<br>Attn.: Rony Thomas, President & CEO<br>6225 St. Michael Drive<br>Texarkana, Texas 75503 | Attn.: Rony Thomas, President & CEO<br>Phone: (800) 832-6395<br>Email: rony_thomas@lifenethealth.org | Trade Payable | | | | $482,559.99 |
| 18 | Kawak Aviation Technologies Inc.<br>Attn.: R. Michael Reightley, President<br>20690 Carmen Loop, Suite 102<br>Bend, Oregon 97702 | Attn.: R. Michael Reightley, President<br>Phone: (541) 385-5051<br>Email: sales@kawakaviation.com | Trade Payable | | | | $454,550.00 |

Debtor Air Methods Corporation
Name

Case number (if known) 23-_____ ( )

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 19 | 24-7 Networks Inc.<br>Attn.: Jairo Ramirez, CEO/General Manager<br>116 Inverness Drive East, Suite 200<br>Englewood, Colorado 80112 | Attn.: Jairo Ramirez, CEO/General Manager<br>Phone: (303) 991-2224<br>Email: jramirez@247networks.com | Trade Payable | | | | $449,763.81 |
| 20 | Mercy Health React<br>Attn.: Javon Bea, President & CEO<br>580 N Washington Street<br>Janesville, Wisconsin 53548 | Attn.: Javon Bea, President & CEO<br>Phone: (608) 755-5362<br>Email: mcare@mhemail.org | Trade Payable | | | | $407,507.53 |
| 21 | Hackensack University Medical<br>Attn.: Joseph Lemaire, President<br>30 Prospect Avenue<br>Hackensack, New Jersey 07601 | Attn.: Joseph Lemaire, President<br>Phone: (551) 996-2000<br>Email:<br>joseph.lemaire@hackensackmeridian.org | Trade Payable | | | | $403,126.54 |
| 22 | Able Aerospace Services<br>Attn.: Travis Tyler, V.P./General Manager<br>7706 E Velocity Way APO<br>Mesa, Arizona 85212 | Attn.: Travis Tyler, V.P./General Manager<br>Phone: (602) 304-1227<br>Email: travis.tyler@ableengineering.com | Trade Payable | | | | $394,294.10 |
| 23 | Carle Foundation Hospital<br>Attn: James Leonard, Chief Information Officer<br>611 W Park Street<br>Urbana, Illinois 61601 | Attn: James Leonard, Chief Information Officer<br>Phone: (217) 383-3311<br>Email: james.leonard@emory.edu | Trade Payable | | | | $386,225.00 |
| 24 | Hillaero Modification Center<br>Attn.: Doug Hill, Manager<br>4055 North Park Road, Municipal APO<br>Lincoln, Nebraska 68524 | Attn.: Doug Hill, Manager<br>Phone: (402) 474-5074<br>Email: dhill@hillaero.com | Trade Payable | | | | $385,578.00 |
| 25 | Avionic Instruments, Inc.<br>Attn.: Stephen Gross, President<br>1414 Randolph Avenue<br>Avenel, New Jersey 07001 | Attn.: Stephen Gross, President<br>Phone: (732) 388-3500<br>Email: sgross@avionicinstruments.com | Trade Payable | | | | $379,858.20 |
| 26 | UMass Memorial Medical Center<br>Attn.: Francesco Aiello, V.P. of UMass Memorial Medical Group<br>281 Lincoln Street<br>Worcester, Massachusetts 01605 | Attn.: Francesco Aiello, V.P. of UMass Memorial Medical Group<br>Phone: (508) 334-1000<br>Email: francesco.aiello@umassmed.edu | Trade Payable | | | | $353,635.32 |
| 27 | Precision Heliparts Inc.<br>Attn.: Adam Feet, President & CEO<br>495 Lake Mirror Road<br>Building 800, Suite G<br>Atlanta, Georgia 30349 | Attn.: Adam Feet, President & CEO<br>Phone: (404) 768-9090<br>Email: dmast@precisionaviationgroup.com | Trade Payable | | | | $341,891.00 |
| 28 | McKesson Medical Surgical<br>Attn.: Jeff Druzak, V.P. Business Development<br>8741 Landmark Road<br>Richmond, Virginia 23228 | Attn.: Jeff Druzak, V.P. Business Development<br>Phone: (855) 571-2100<br>Email: druzak.jeff@mckgenmed.com | Trade Payable | | | | $339,841.45 |

Debtor Air Methods Corporation
Name

Case number (if known) 23-_____ ( )

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 29 | Goodway Group Inc.<br>Attn.: Mike Jenoski, President<br>228 Park Ave S., PMB 81524<br>New York, New York 10003 | Attn.: Mike Jenoski, President<br>Phone: (877) 274-9881<br>Email: mjenoski@goodwaygroup-ma.com | Trade Payable | | | | $311,967.60 |
| 30 | DuFour Aerospace AG<br>Attn.: Philippe Lutz, CFO<br>Seewjinenstrasse 6<br>VISP, 3930 Switzerland | Attn.: Philippe Lutz, CFO<br>Phone: +41 78 770 50 82<br>Email: philippe@dufour.aero | Trade Payable | | | | $300,000.00 |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **AIR METHODS CORPORATION,** | § | **Case No. 23-_____ ([●])** |
| | § | |
| **Debtor.** | § | |

**CONSOLIDATED CORPORATE OWNERSHIP STATEMENT**
**PURSUANT TO FED. R. BANKR. P. 1007 AND 7007.1**

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), attached hereto as **Exhibit A** is an organizational chart reflecting the ownership interests in Air Methods Corporation and its debtor affiliates (each, a "**Debtor**" and collectively, the "**Debtors**"). The Debtors respectfully represent as follows:

1. Each Debtor listed in **Exhibit A** is 100% owned by its direct parent unless otherwise noted.

2. ASP AMC Holdings, Inc. ("**Parent**") is the ultimate parent company of each of the Debtors and, directly or indirectly, owns a 100% equity interest in each of the Debtors.

3. The following affiliates of American Securities LLC directly own more than 10% of the equity interests of Parent:

   a. ASP AMC Investco I LP owns approximately 22.6% of the equity interests in Parent.

   b. ASP AMC Investco II LP owns approximately 72.1% of the equity interests in Parent.

4. To the best of the Debtors' knowledge and belief, no other corporation directly owns 10% or more of the equity interests of Parent or of any other Debtor.

**Exhibit A**

**Organizational Chart**





Affiliates of American Securities
94.7%
ASP AMC Holdings, Inc.
ASP AMC Intermediate Holdings, Inc.
Air Methods Corporation
Air Methods Foundation
Air Methods Telemedicine, LLC
United Rotorcraft Solutions, LLC
Areion Unmanned Aerial Systems LLC
Spright Australia Ptyd Ltd. (AUS)
Spright International Limited (IRL)
Spright U.K. Limited (UK)
Spright Poland sp. z o.o. (Poland)
Spright International GmbH (Germany)
Mercy Air Service, Inc.
Mercy Receivables LLC
LifeNet, Inc.
LifeNet Receivables LLC
Rocky Mountain Holdings, L.L.C.
Rocky Receivables LLC
Air Methods Tours, Inc.
Blue Hawaiian Holdings, LLC
Helicopter Consultants of Maui, LLC
Nevada Helicopter Leasing LLC
Air Repair Limited Liability Company
Hawaii Helicopters, LLC
Alii Aviation, LLC
Air Methods Transport Company
Tri-State Care Flight, L.L.C.
Advantage LLC
Air Methods Worldwide, Inc.
Enchantment Aviation, Inc.
AMC CE, LLC
Native Air Services, Inc.
Native American Air Ambulance, Inc.
AirMD, LLC
Midwest Corporate Air Care, LLC
80%
Motient, LLC
Legend
A/R Securitization Subsidiary; Restricted Subsidiaries
Parent Guarantor of Senior Credit Facility
Borrower (Senior Credit Facility) Issuer (Unsecured Notes)
Debtor
Subsidiary Guarantor of Senior Credit Facility & Unsecured Notes
Unrestricted Subsidiary
Non-Debtor

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **AIR METHODS CORPORATION,** | § | **Case No. 23-_____ ([●])** |
| | § | |
| **Debtor.** | § | |

**LIST OF EQUITY HOLDERS**[1]

Pursuant to Rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure, the following identifies the equity security holders of the above-captioned debtor in possession (the "**Debtor**").

Check applicable box:

☐ There are no equity security holders or corporations that directly or indirectly own 10% or more of any class of the Debtor's equity interest.

☒ The following are the Debtor's equity security holders (list holders of each class, showing the number and kind of interests registered in the name of each holder, and the last known address or place of business of each holder):

| Name and Last Known Address or Place of Business of Holder | Kind/Class of Interest | Number of Interests Held |
|---|---|---|
| ASP AMC Intermediate Holdings, Inc.<br>5500 South Quebec Street, Suite 300<br>Greenwood Village, Colorado 80111 | Equity Interests | 100% |

[1] This list serves as the required disclosure by the Debtor pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure. All equity positions listed are as of the date of commencement of the Debtor's chapter 11 case.

**Fill in this information to identify the case:**

Debtor name: Air Methods Corporation

United States Bankruptcy Court for the Southern District of Texas (State)

Case number (*If known*): 23-_____ ( )

# Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors 12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING – Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)
- ☐ Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)
- ☐ Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)
- ☐ Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)
- ☐ Schedule H: Codebtors (Official Form 206H)
- ☐ Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)
- ☐ Amended Schedule ____
- ☒ Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)
- ☒ Other document that requires a declaration Consolidated Corporate Ownership Statement and List of Equity Holders

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 24, 2023
MM /DD /YYYY

✘ */s/ Christopher J. Brady*
Signature of individual signing on behalf of debtor

Christopher J. Brady
Printed name

Authorized Signatory
Position or relationship to debtor