**<u>Exhibit B</u>**

**Redline**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| | § | |
| **In re:** | § | **Chapter 11** |
| | § | |
| **AIR METHODS** | § | **Case No. 23-90886 (MI)** |
| **CORPORATION,** *et al.*, | § | |
| | § | |
| | § | **(Jointly Administered)** |
| **Debtors.**[1] | § | **Re: Docket No. ——236** |
| | § | |

**ORDER AUTHORIZING
RETENTION AND EMPLOYMENT OF
WEIL, GOTSHAL AND MANGES LLP AS ATTORNEYS
FOR DEBTORS EFFECTIVE AS OF PETITION DATE**

Upon the application, dated November 15, 2023 (the "**Application**"),[2] of Air

Methods Corporation and its debtor affiliates, as debtors and debtors in possession (collectively,

the "**Debtors**"), pursuant to sections 327(a), 328(a), 329, and 504 of the Bankruptcy Code,

Bankruptcy Rules 2014 and 2016, and Bankruptcy Local Rules 2014-1 and 2016-1, requesting

(i) authority to retain and employ Weil as attorneys for the Debtors, effective as of the Petition

Date and (ii) related relief, as more fully set forth in the Application; and upon consideration of

the Schrock Declaration and the Kahn Retention Declaration; and this Court being satisfied,

based on the representations made in the Application and Schrock Declaration, that Weil is

"disinterested" as such term is defined in section 101(14) of the Bankruptcy Code, as modified

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Air Methods Corporation (5893), ASP AMC Holdings, Inc. (3873), ASP AMC Intermediate Holdings, Inc. (2677), Air Methods Telemedicine, LLC (2091), United Rotorcraft Solutions, LLC (2763), Mercy Air Service, Inc. (0626), LifeNet, Inc. (3381), Rocky Mountain Holdings, L.L.C. (3822), Air Methods Tours, Inc. (4178), Tri-State Care Flight, L.L.C. (5216), Advantage LLC (2762), Enchantment Aviation, Inc. (5198), Native Air Services, Inc. (8798), Native American Air Ambulance, Inc. (8800), AirMD, LLC (1368), Midwest Corporate Air Care, LLC (N/A).  The Debtors' mailing address is 5500 South Quebec Street, Suite 300, Greenwood Village, CO 80111.

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such term in the Application.

by section 1107(b) of the Bankruptcy Code, and as required under section 327(a) of the Bankruptcy Code, and that Weil represents no interest adverse to the Debtors' estates with respect to the matters upon which it is engaged; and this Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Application and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Application; and all objections, if any, to the Application having been withdrawn, resolved, or overruled; and this Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and it appearing that the relief requested in the Application is necessary for the Debtors' reorganization and in the best interests of the Debtors and their respective estates and creditors; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

### IT IS HEREBY ORDERED THAT

1.      The Debtors are authorized, but not directed, pursuant to sections 327(a), 328(a), 329, and 504 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Bankruptcy Local Rules 2014-1 and 2016-1, to employ and retain Weil as their attorneys in these chapter 11 cases from the Petition Date under a general retainer in accordance with Weil's normal hourly rates and disbursement policies, all as contemplated by the Application, as modified by this Order.

2.      Weil is authorized to render the following professional services:

      a.      take all necessary action to protect and preserve the value of the Debtors' estates, including the prosecution of actions on the Debtors' behalf, the defense of any actions commenced against the Debtors are involved and the preparation of objections to claims filed against the Debtors' estates;

      b.      prepare on behalf of the Debtors, as debtors in possession, all necessary motions, applications, answers, orders, reports and other papers in connection with the administration of the Debtors' estates;

      c.      take all necessary actions in connection with the Plan and related disclosure statement and all related documents, and such further actions as may be required in connection with the administration of the Debtors' estates; and

      d.      perform all other necessary legal services in connection with the prosecution of these chapter 11 cases; *provided* that to the extent Weil determines that such services fall outside of the scope of services historically or generally performed by Weil as lead debtors' counsel in a bankruptcy case, Weil will file a supplemental declaration.

3.      Weil shall be compensated in accordance with, and will file fee application(s) for allowance of its compensation and expenses and shall be subject to, sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of the Court.  For billing purposes, Weil shall keep its time in one tenth (1/10) hour increments.

4.      Weil shall be reimbursed for reasonable and necessary expenses as further ordered.

5.      Weil shall use its best efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in these chapter 11 cases.

6.      Weil is authorized to apply the remaining amount of the Fee Advance to satisfy the payment of court-approved postpetition fees and expenses; *provided* that Weil is authorized without further order of the Court to reserve and apply amounts from the Fee

3

Advance that would otherwise be applied toward payment of postpetition fees and expenses as necessary and appropriate to compensate and reimburse Weil for fees or expenses incurred on or prior to the Petition Date consistent with its ordinary course billing practices.

7.      Weil shall provide ten days' notice to the Debtors, the U.S. Trustee, and the attorneys for any statutory committee appointed in these chapter 11 cases of any increase in Weil's hourly rates as set forth in the Schrock Declaration.  The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

8.      Weil will continue to implement the Firm Disclosure Procedures (as defined in the Schrock Declaration) periodically during the pendency of these chapter 11 cases. If any new relevant facts or relationships are discovered or arise, Weil will use reasonable efforts to identify such further developments promptly and will file a supplemental declaration, as required by Fed. R. Bankr. P. 2014(a).

9.      Weil shall not charge a markup to the Debtors with respect to fees billed by contract attorneys who are hired by Weil (if any) to provide services to the Debtors and shall ensure that any such contract attorneys are subject to conflict checks and disclosures in accordance with the requirements of the Bankruptcy Code and Bankruptcy Rules.

10.     Notwithstanding anything to the contrary in the Application, Weil shall not be entitled to reimbursement for fees and expenses incurred in connection with any objection to its fees absent further order of the Court.

11.     8. To the extent the Application is inconsistent with this Order, the terms of this Order shall govern.

4

5

12.     9. The Debtors are authorized to take all actions necessary or appropriate to carry out the relief granted in this Order.

13.     10. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: _____, 2023
       Houston, Texas

                              _____
                              THE HONORABLE MARVIN ISGUR
                              UNITED STATES BANKRUPTCY JUDGE

5